MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
JESUS MARTINEZ GOMEZ, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |

                        *Plaintiff*,

                -against-

DUNES FOOD GROUP, INC. (D/B/A DELICE
CAFE AND CATERING F/D/B/A LIBERTY
DELI), and AKBARALI B HIMANI,

                        *Defendants.*
-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29
U.S.C. § 216(b) AND RULE 23 CLASS
ACTION**

**ECF Case**

        Plaintiff Jesus Martinez Gomez ("Plaintiff Martinez" or "Mr. Martinez"), individually, and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Dunes Food Group, Inc. (d/b/a Delice Cafe

and Catering f/d/b/a Liberty Deli), ("Defendant Corporation"), and Akbarali B Himani,

("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

                    <u>**NATURE OF ACTION**</u>

        1.      Plaintiff Martinez is a former employee of Defendants Dunes Food Group, Inc. (d/b/a

Delice Cafe and Catering f/d/b/a Liberty Deli), and Akbarali B Himani.

        2.       Defendants own, operate, or control a deli, located at 22 E 49th street, New York,

NY 10017 under the name "Delice Cafe and Catering".

3.    Upon information and belief, individual Defendant Akbarali B Himani, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operate or operated the deli  as a joint or unified enterprise.

4.    Plaintiff Martinez was employed as dishwasher  and cook's helper at the deli  located at 22 E 49th street, New York, NY 10017.

5.    At all times relevant to this Complaint, Plaintiff Martinez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Martinez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Furthermore, Defendants failed to pay Plaintiff Martinez wages on a timely basis.

8.    In addition, Defendants made improper deductions from Plaintiff Martinez's wages; specifically, they deducted time from his wages for meal breaks that he did not take.

9.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.    Plaintiff Martinez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL", including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Martinez now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Martinez's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two deli  located in this district. Further, Plaintiff Martinez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Jesus Martinez Gomez ("Plaintiff Martinez" or "Mr. Martinez") is an adult individual residing in Bronx County, New York. Plaintiff Martinez was employed by Defendants at Delice Cafe and Catering (fka Liberty Café) from approximately August 2018 until on or about November 2018.

*Defendants*

15.    At all relevant times, Defendants owned, operated, or controlled a deli , located at 22 E 49th street, New York, NY 10017 under the name "Delice Cafe and Catering f/d/b/a Liberty Deli".

16.   Upon information and belief, Dunes Food Group, Inc. (d/b/a Delice Cafe and Catering f/d/b/a Liberty Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 22 E 49th street, New York, NY 10017.

17.   Defendant Akbarali B Himani is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Akbarali B Himani is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Akbarali B Himani possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of Plaintiff Martinez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

18.   Defendants operate a deli located in the Midtown section of Manhattan in New York City.

19.   Individual Defendant Akbarali B Himani, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

20.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21.    Each Defendant possessed substantial control over Plaintiff Martinez's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Martinez.

22.    Defendants jointly employed Plaintiff Martinez and are Plaintiff Martinez's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

23.    In the alternative, Defendants constitute a single employer of Plaintiff Martinez.

24.    Upon information and belief, Individual Defendant Akbarali B Himani operates Defendant Corporation as either an alter ego of himself and/or failed to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this Corporation as closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

25.     At all relevant times, Defendants were Plaintiff Martinez's employers within the meaning of the FLSA and New York Labor Law.

26.     Defendants had the power to hire and fire Plaintiff Martinez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Martinez's services.

27.     In each year from 2015 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that are used in the deli on a daily basis are goods produced outside of the State of New York.

## Individual Plaintiff

29.     Plaintiff Martinez is a former employee of Defendants who was employed as a dishwasher and cook's helper.

30.     Plaintiff Martinez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

## Plaintiff Jesus Martinez Gomez

31.     Plaintiff Martinez was employed by Defendants from approximately August 2018 until on or about November 2018.

32.     Defendants employed Plaintiff Martinez as a dishwasher and a cook helper.

33.     Plaintiff Martinez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

34.     Plaintiff Martinez's work duties required neither discretion nor independent judgment.

35.     Throughout his employment with Defendants, Plaintiff Martinez regularly worked in excess of 40 hours per week.

36.     From approximately August 2018 until on or about November 2018, Plaintiff Martinez worked from approximately 7:00 a.m. until on or about 3:30 p.m., 6 days a week (typically 51 hours per week).

37.     Throughout his employment, Defendants paid Plaintiff Martinez his wages in cash.

38.     From approximately August 2018 until on or about November 2018, Defendants paid Plaintiff Martinez a fixed salary of $450 per week.

39.     For approximately two weeks, Defendants did not pay Plaintiff Martinez any wages for his work.

40.     Defendants never granted Plaintiff Martinez any breaks or meal periods of any kind.

41.     Plaintiff Martinez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

42.     Instead, in order to get paid, Plaintiff Martinez was required to sign a document in which Defendants misrepresented the hours that he worked per week.

43.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

44.     Defendants did not provide Plaintiff Martinez an accurate statement of wages, as required by NYLL 195(3).

45.     Defendants did not give any notice to Plaintiff Martinez, in English and in Spanish (Plaintiff Martinez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

46.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

47.     Plaintiff Martinez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

48.     Defendants' pay practices resulted in Plaintiff Martinez not receiving payment for all his hours worked and resulted in Plaintiff Martinez's effective rate of pay falling below the required minimum wage rate.

49.     Further, Defendants took improper deductions from Plaintiff Martinez's wages for meal breaks that he was not allowed to take or that were interrupted.

50.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Martinez worked.

51.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

52.     Defendants paid Plaintiff Martinez his wages in cash.

53.     On a number of occasions, Defendants required Plaintiff Martinez to sign a document the contents of which he was not allowed to review in detail.

54.     Further, in order to release his weekly pay, Defendants required Plaintiff Martinez to sign a document that reflected inaccurate or false hours worked.

55.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Martinez worked, and to avoid paying Plaintiff Martinez properly for their full hours worked.

57.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying Plaintiff Martinez compensation by knowingly violating the FLSA and NYLL.

58.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiff Martinez.

59.     Defendants failed to provide Plaintiff Martinez  with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60.     Defendants failed to provide Plaintiff Martinez, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

<strong><u>FLSA COLLECTIVE ACTION CLAIMS</u></strong>

61.     Plaintiff Martinez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

62.     At all relevant times, Plaintiff Martinez and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

63.     The claims of Plaintiff Martinez stated herein are similar to those of the other employees.

<strong><u>FEDERAL RULE 23 CLASS ACTION ALLEGATIONS</u></strong>

64.     Plaintiff Martinez sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

65.     Plaintiff Martinez brings his New York Labor Law minimum wage, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Martinez, are referred to herein as the "Class."

66.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

67.     There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiff Martinez the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

68.     The claims of the representative parties are typical of the claims of the class. Plaintiff Martinez and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

69.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

70.     The common questions of law and fact predominate over questions affecting only individual members.

71.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

72.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

73.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

74.     At all times relevant to this action, Defendants were Plaintiff Martinez's (and the FLSA and Rule 23 Class members') employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Martinez (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77.     Defendants failed to pay Plaintiff Martinez (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78.     Defendants' failure to pay Plaintiff Martinez (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.     'Plaintiff Martinez (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Martinez (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.     Defendants' failure to pay Plaintiff Martinez (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83.     Plaintiff Martinez (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

84.      Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Martinez's (and the FLSA and Rule 23 Class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Martinez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

86.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Martinez (and the FLSA and Rule 23 Class members) less than the minimum wage.

87.     Defendants' failure to pay Plaintiff Martinez (and the FLSA and Rule 23 Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88.     Plaintiff Martinez (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

89.      Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Martinez (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.     Defendants' failure to pay Plaintiff Martinez (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92.     Plaintiff Martinez (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

93.      Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants failed to provide Plaintiff Martinez (and the FLSA and Rule 23 Class members) with a written notice, in English and in Spanish (Plaintiff Martinez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95.     Defendants are liable to Plaintiff Martinez (and the FLSA and Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

<h3 align="center">SIXTH CAUSE OF ACTION</h3>

<strong>VIOLATION OF THE WAGE STATEMENT PROVISIONS</strong>

<strong>OF THE NEW YORK LABOR LAW</strong>

96.      Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

97.     With each payment of wages, Defendants failed to provide Plaintiff Martinez (and the FLSA and Rule 23 Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98.     Defendants are liable to Plaintiff Martinez (and the FLSA and Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

99.     Plaintiff Martinez repeats and realleges all paragraphs above as though set forth fully herein.

100.    At all relevant times, Defendants were Plaintiff Martinez's (and the FLSA and Rule 23 Class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

101.    Defendants made unlawful deductions from Plaintiff Martinez's (and the FLSA and Rule 23 Class members') wages; specifically, they deducted meal breaks from Plaintiff Martinez's wages for meal breaks he was not able to take.

102.    The deductions made from Plaintiff Martinez's (and the FLSA and Rule 23 Class members') wages were not authorized or required by law.

103.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Martinez's (and the FLSA and Rule 23 Class members') wages, Defendants willfully violated NYLL, Article 6, §§ 190 et seq., and supporting New York State regulations.

104.    Plaintiff Martinez (and the FLSA and Rule 23 Class members) WERE damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

105.    Plaintiff Martinez repeats and realleges all paragraphs above as though set forth fully herein.

106.  Defendants did not pay Plaintiff Martinez on a regular weekly basis, in violation of NYLL §191.

107.  Defendants are liable to Plaintiff Martinez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martinez respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez and the FLSA and Rule 23 Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez and the FLSA and Rule 23 Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Martinez's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Martinez and the FLSA and Rule 23 Class members;

(f)      Awarding Plaintiff Martinez and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Martinez and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez and the Rule 23 Class members;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez and the Rule 23 Class members;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Martinez's (and the Rule 23 Class members') compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Martinez and the Rule 23 Class members;

(l)      Awarding Plaintiff Martinez and the Rule 23 Class members damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as applicable

(m)      Awarding Plaintiff Martinez and the Rule 23 Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL

§§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Martinez and the Rule 23 Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage AND overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Martinez and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Martinez and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Martinez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 28, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff Martinez*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 29, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Jesus Martinez Gomez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              29 de Enero, 2019

*Certified as a minority-owned business in the State of New York*